United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CHARLES WANG,

        Plaintiff,

    v.

JERRY BROWN, et al.,

        Defendants.

Case No. 11-cv-05648-WHO

**ORDER REGARDING PLAINTIFF'S PROOF OF SERVICE**

Re: Dkt. No. 33

On November 25, 2014, I issued an order instructing plaintiff Charles Wang to serve defendants by January 8, 2015. Dkt. No. 32. On December 29, 2014, Wang submitted a proof of service stating that defendant Jerry Brown, the Governor of the State of California, had been served. Dkt. No. 33. Specifically, the proof of service states that on December 18, 2014, the process server gave "Megan Sabbah" copies of the complaint and several other documents from this action. *Id.* The proof of service describes Sabbah as an "Executive Legal Assistant" and identifies the place of service as the "Mail Room" at "10th and L Streets," Sacramento, CA 95814. *Id.*

This proof of service does not establish that Governor Brown has been properly served. Under Federal Rule of Civil Procedure 4(e), an individual may be served by:

    (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

    (2) doing any of the following:

    (A) delivering a copy of the summons and of the complaint to the individual personally;

    (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Subsections (2)(A) and (2)(B) do not apply here because the process server did not serve Governor Brown personally or leave copies of the summons and complaint at Governor Brown's "dwelling or usual place of abode." Subsection (2)(C) is inapplicable because there is no indication that Sabbah was "authorized by appointment or by law to receive service of process" on Governor Brown's behalf. This leaves subsection (1) – that is, service of process under state law.

California law provides for three methods of service on a natural person such as Governor Brown:

(i) By personal delivery of a copy of the summons and of the complaint to the person. Cal. Civ. Proc. Code § 415.10.

(ii) If personal delivery cannot be accomplished by reasonable diligence, "by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(b). This method of service is often called "substitute service."

(iii) By complying with the procedures for service by mail. *See* Cal. Civ. Proc. Code § 415.30.

The proof of service submitted by Wang indicates that the process server came closest to complying with the requirements for substitute service under Cal. Civ. Code § 415.20(b). However, to establish proper substitute service, the proof of service must state or show:

(i) the efforts that had been made . . . in an attempt to deliver the papers by hand to the defendant personally;

(ii) that the place of delivery was the dwelling house, usual place of abode, or usual place of business of [the defendant];

(iii) that the person in whose presence the papers had been left was determined after careful inquiry by the process server to be a competent member of the

2

household or a competent person apparently in charge of such business, as the case may be, who was at least 18 years of age;

(iv) that such person had been informed of the general nature of the papers; and

(v) the date a copy of the papers was thereafter mailed (by first-class mail, postage prepaid) to the [defendant] at the place of delivery.

Judicial Comment to Cal. Civ. Proc. Code § 417.10.

The proof of service submitted by Wang does not state or show at least (i), (iv), and (v). That is, the proof of service does not state or show (i) what efforts had been made to serve Governor Brown by personal delivery, (iv) that Sabbah was informed of the general nature of the documents given to her, or (v) that a copy of the papers given to Sabbah was thereafter mailed (by first-class mail, postage prepaid) to Governor Brown at the place of delivery.  It is also unclear what Sabbah's relationship is to Governor Brown; while the proof of service says that she is an Executive Legal Assistant, it is unclear that she works in Governor Brown's executive office or is in a position that makes her "apparently in charge" of Governor Brown's usual place of business, as required under Cal. Civ. Proc. Code § 415.20(b).

Further, the proof of service does not make clear that the summons, in addition to the complaint, was given to Sabbah.  Although the proof of service states that several documents from this action were given to Sabbah, it does not identify the summons as one of those documents. Whether under federal or California law, proper service of process requires delivery of copies of both the complaint and the summons.  *See, e.g.,* Fed. R. Civ. P. 4(e); Cal. Civ. Proc. Code § 415.20(b).

**In light of Wang's pro se status, I will give him until April 7, 2015 to properly serve Governor Brown or any other defendant named in this action.  On or before April 7, 2015, Wang must file a proof of service or other documents demonstrating that one or more of the defendants has been properly served.  As I explained at the case management conference, even if Wang properly serves Governor Brown, that will not mean that he has then served any other defendant, even if that defendant is a State employee.  Given the unsuccessful efforts that Wang has made over four years to serve the defendants, I will be inclined to dismiss any defendant who is not properly served as of the next case management**

United States District Court
Northern District of California

3

**conference, which will be on April 28, 2015 at 2:00 p.m. in Courtroom 2, 17th Floor, San Francisco.  The parties shall file a joint case management statement on or before April 21, 2015.**

Finally, as I stated at the case management conference, it is difficult to litigate a case in federal court, particularly when one is not represented by counsel.  I encourage Wang to seek assistance from the Legal Help Center at 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102, or 1301 Clay Street, 4th Floor, Room 470 S, Oakland CA 94612.  He should call for an appointment at 415-782-8982 or sign up in the appointment book outside either of the Legal Help Center's offices.  There are other useful resources available on the "Pro Se Litigants" tab on the Court's website, www.cand.uscourts.gov.

**IT IS SO ORDERED**.

Dated: February 25, 2015



WILLIAM H. ORRICK
United States District Judge