UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WANG,<br><br>            Plaintiff,<br><br>    v.<br><br>JERRY BROWN, et al.,<br><br>            Defendants. | Case No. 11-cv-05648-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 56 |

## INTRODUCTION

As I explained in my prior Order on Motion to Dismiss ("Prior Order"), pro se plaintiff Charles Wang's claims arising from his alleged wrongful arrest on October 14, 2009 are time-barred, and so are his claims arising from his second alleged wrongful arrest on December 22, 2009, unless the claims from the second arrest relate back to the first. I gave Wang an opportunity to amend. It is now clear that his claims arising from that second incident do not relate back. And there are a host of service and other problems with Wang's claims. As a result, there is no need for oral argument on this matter, and the hearing set for September 16, 2015 is VACATED. Governor Brown and Secretary Beard's motion to dismiss is GRANTED, and each defendant in this case is DISMISSED WITH PREJUDICE. The Clerk shall close the file.

## BACKGROUND

### I.   FACTUAL BACKGROUND

#### A.   First Arrest and Incarceration

According to Wang's first amended complaint ("FAC") , shortly after 12:00 p.m. on October 14, 2009, Wang's parole officer, Carlos De Jesus, arrived at Wang's residence and told him that he had been terminated from a class required by his special conditions of parole. FAC ¶ 1 (Dkt. No. 37). Wang responded that he was planning to attend the class at 5:00 p.m. that

evening at A New Beginning, an authorized service provider where he had also attended class the week before. *Id.* Despite this explanation, De Jesus and an unidentified CDCR agent arrested Wang and placed him in county jail, where he remained incarcerated for approximately sixteen days. *Id.*

Wang received a "charge report" several days after his arrest. *Id.* In the charge report, De Jesus and "Supervisor Haas" accused Wang of "deliberately sabotag[ing] [his] enrollment process." *Id.* Wang states that this accusation was false, and that in fact, before signing up for classes at A New Beginning, he attempted to sign up for classes at A Turning Point, where De Jesus had instructed him to go. *Id.* However, A Turning Point denied his application on the ground that they could not accommodate a client whose case was still on appeal. Another service provider, A Caring Place, denied Wang's application for the same reason. Wang states that rather than deliberately sabotage his enrollment process, he "took the initiative to look for a service provider which [could] accommodate someone whose appeal is still in progress." *Id.*

When Wang presented these facts to an independent commissioner, the commissioner "dismissed the false claims," and Wang was released from jail. *Id.* Wang alleges that he "was wrongfully arrested and placed in county jail for a duration [of] about 16 days," and that "[d]uring this period in jail, [he] was deprived of proper clothing, medical attention and dental care, and proper sleeping accommodation[s]." *Id.* Based on that incident, Wang brought four causes of action against De Jesus, "Supervisor Haas," and a variety of other defendants, including Edmund G. Brown Jr., Governor of California, Dr. Jeffrey Beard, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), and Kamala Harris, Attorney General of California.

**B. Second Arrest and Incarceration**

The SAC reiterates substantially the same facts as alleged in the FAC but also includes additional allegations of a second wrongful arrest following Wang's release from county jail. On December 22, 2009, De Jesus "initiated another similar arrest," allegedly because he disagreed with the independent commissioner's decision to dismiss the prior claims against Wang. SAC ¶ 7 (Dkt. No. 55). De Jesus sent Wang to a different jail this time – Santa Rita Jail – "to avoid the same commissioner." *Id.* Wang remained incarcerated for over two months, until March 2, 2010.

*Id.* ¶ 8. While there, he was attacked by other inmates, and although he repeatedly rang the emergency bell to get assistance, the "prison guard, Cox, did not open [the] door, until everyone started breakfast." *Id.* ¶ 9. Following this incident, the "[m]edical center provided practically no treatment other than an emergency room visit." *Id.*

The SAC also adds allegations with respect to Governor Brown, Secretary Beard, and Attorney General Harris. Wang claims that Governor Brown is "involved in formulating and implementing" the "unlawful policies and practices" at issue in *Brown v. Plata*, 563 U.S. 493 (2011). SAC ¶ 14. He states that Secretary Beard and Attorney General Harris "are supposed to ensure such illegal acts don't happen, but it happened. Without corrective action, it will happen again and again." *Id.* ¶ 13. In his opposition brief, Wang further contends that Governor Brown has an "iron grip" on the California prison system, and that Attorney General Harris, rather than use the Attorney General's office to investigate the prison system, "allow[s] such injustice to permeate in state government." Opp. at 4 (Dkt. No. 59).[1]

In addition to De Jesus, Supervisor Haas, Governor Brown, Secretary Beard, and Attorney General Harris, the SAC names as defendants David Land (who on April 27, 2015 allegedly accepted documents from a process server attempting to serve Attorney General Harris on Wang's behalf), "Santa Rita Prison Guard Cox," and "State Employees A-Z."

## II.   PROCEDURAL BACKGROUND

Knowledge of the procedural history of this case is helpful. Wang filed his original complaint on November 21, 2011. Dkt. No. 1. The complaint named five defendants – the "Governor of California," the "Head of the [CDCR]," the "State Attorney General," De Jesus, and Supervisor Haas – and alleged four causes of action under the United States and California Constitutions and unspecified provisions of the "California State Codes" arising from the October

---

[1] Wang also alleges that as a result of the facts stated in the SAC, "all Californians" have been harmed, because he has "not [been] able to use my knowledge and skills to prevent California's Central Valley and surrounding areas [from] turn[ing] into [a] desert (unless actions [are] implemented right away)." SAC ¶ 12. Wang contends that he "made this prediction as early as 2008 knowing the current model is wrong and [is] causing the desertification." *Id.*

3

1   2009 arrest and incarceration.[2] *See id.* ¶¶ 9-12.

2   On May 16, 2012, the Hon. James Ware dismissed the case without prejudice under

3   Federal Rule of Civil Procedure 4(m) because Wang had failed to serve any of the defendants

4   within 120 days of filing his complaint.[3] Dkt. No. 20. The Ninth Circuit reversed, holding that

5   the district court erred in sua sponte dismissing the action without first giving Wang notice and an

6   opportunity to show good cause why he had not effected service. Dkt. No. 28.

7   On November 25, 2014, following remand from the Ninth Circuit, I issued an order

8   instructing Wang to serve defendants and gave him 45 days to do so. Dkt. No. 32. I advised

9   Wang that "failure to properly serve defendants by January 8, 2015 may result in dismissal of this

10  action." *Id.*

11  On December 29, 2014, Wang filed a proof of service stating that Governor Brown had

12  been served. Dkt. No. 33. Specifically, the proof of service stated that on December 18, 2014, the

13  process server gave "Megan Sabbah" copies of the original complaint and several other documents

14  from this action. *Id.* The proof of service described Sabbah as an "executive legal assistant" and

15  identified the place of service as the "Mail Room" at "10th and L Streets," Sacramento, CA

16  95814. *Id.* No service was attempted on the other defendants because Wang believed that service

17  on Governor Brown would effectuate service on all state employee defendants.

18  Following a case management conference on February 24, 2015, at which only Wang

19  appeared, I issued an order explaining that the proof of service did not establish service on

---

[2] The four causes of action are titled as follows: (1) "Violation of U.S. Constitutional Rights and Rights in California State Constitution by Due Process Clause of XIV Amendment."
(2) "Violation of U.S. Constitutional Rights and Rights in California State Constitution by Due Process Clause of IV Amendment, and California State Codes." (3) "Violation of U.S. Constitutional and Rights in California State Constitution by Malicious Prosecution."
(4) "Violation of U.S. Constitutional Rights and Rights in California State Constitution by VII [sic] Amendment, Cruel and Unusual Punishment." Dkt. No. 1 ¶¶ 9-12. Liberally construed, the causes of action seek to state claims under 42 U.S.C. § 1983 for violations of Wang's Fourth, Eighth, and Fourteenth Amendment rights. *See id.* The FAC and SAC allege the same four causes of action, word-for-word. *See* FAC ¶¶ 11-14; SAC at p.7-9.

[3] Rule 4(m) provides that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Governor Brown or any other defendant. Dkt. No. 36. I gave Wang specific instructions on how to effect service and gave him until April 7, 2015 to properly serve Governor Brown and the other defendants named in the action. I stated: "Given the unsuccessful efforts that Wang has made over four years to serve defendants, I will be inclined to dismiss any defendant who is not properly served as of the next case management conference . . . on April 28, 2015." *Id.* I referred Wang, both at the case management conference and in the Order Regarding Plaintiff's Proof of Service, to this district's Legal Help Center. Dkt. Nos. 35, 36.

On April 7, 2015, Wang had a process server attempt to serve Attorney General Harris. Dkt. No. 42. The proof of service, which Wang filed on April 27, 2015, states that the process server delivered the documents to David Land at 455 Golden Gate Avenue, 9th Floor, San Francisco, CA 94102. *Id.* The proof of service does not specify who Land is, where he works, or how he is associated with Attorney General Harris. *Id.*

On April 17, 2015, Wang filed the FAC, asserting the same four causes of action as the original complaint and adding Sabbah as a defendant. Governor Brown, Secretary Beard, and Sabbah moved to dismiss. Dkt. No. 52. On July 6, 2015, I issued an order (1) dismissing Wang's claims based on the October 2009 arrest and incarceration but allowing him leave to amend, including by adding claims based on the December 2009 arrest and incarceration; (2) dismissing Sabbah with prejudice; and (3) ordering Wang to serve De Jesus, Supervisor Haas, and Attorney General Harris by August 1, 2015. Prior Order at 10-11.

Wang filed the SAC on July 21, 2015, asserting the same four causes of action, adding Land, Cox, and "State Employees A-Z" as defendants, and amending his allegations as described above. Governor Brown and Secretary Beard moved to dismiss on August 4, 2015. Dkt. No. 56. Wang filed an opposition brief on August 18, 2015, along with two exhibits: (1) a letter dated July 7, 2015 from Wang to defense counsel requesting information about De Jesus and Supervisor Haas and about how to serve state employees, and (2) defense counsel's letter in response, declining to assist Wang and directing him to the district's Legal Help Center. Dkt. No. 59. Governor Brown and Secretary Beard filed their reply brief on August 25, 2015. Dkt. No. 60.

**LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). While "a complaint need not contain detailed factual allegations . . . it must plead enough facts to state a claim to relief that is plausible on its face." *Cousins v. Lockyer*, 568 F.3d 1063, 1067-68 (9th Cir. 2009) (internal quotation marks and citations omitted). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to avoid . . . dismissal" under this standard. *Cousins*, 568 F.3d at 1067 (internal quotation marks omitted). "[I]t is within [the court's] wheelhouse to reject, as implausible, allegations that are too speculative to warrant further factual development." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1076 (9th Cir. 2013).

**DISCUSSION**

**I.  GOVERNOR BROWN, SECRETARY BEARD, ATTORNEY GENERAL HARRIS, AND LAND ARE DISMISSED WITH PREJUDICE BECAUSE WANG HAS NOT PLAUSIBLY ALLEGED THAT THEY PLAYED ANY PART IN HIS ALLEGED CONSTITUTIONAL DEPRIVATIONS.**

In their motion to dismiss, Governor Brown and Secretary Beard argue that Wang has again failed to state a valid section 1983 claim against them, Attorney General Harris, or Land, because there are no facts plausibly establishing that they played any part in Wang's alleged constitutional deprivations. I agree, and DISMISS these defendants WITH PREJUDICE.[4]

"[A] person subjects another to the deprivation of a constitutional right, within the

---

[4] Although Attorney General Harris, Land, "Santa Rita Prison Guard Cox," and "State Employees A-Z" have not moved to dismiss, a court "may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim" once the court has afforded the plaintiff "an opportunity to at least submit a written memorandum in opposition to such motion." *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981) (internal quotation marks and citations omitted). Where the claimant "cannot possibly win relief," such a dismissal may be made without notice. *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). Wang has already been granted leave to amend his complaint with respect to Attorney General Harris. *See* Prior Order at 8-9. It is also clear that Wang cannot possibly win relief against either Attorney General Harris or any of the other defendants who have not yet been served and/or moved to dismiss.

6

meaning of section 1983, if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Preschooler II v. Clark Cnty. Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (internal quotation marks omitted). Supervisors are not liable under section 1983 "for actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989) (internal quotation marks omitted). Rather, "a supervisor may only be held liable under if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* "The requisite causal connection may be established when an official sets in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional harms." *Preschooler II*, 479 F.3d at 1183 (internal quotation marks omitted).

In the Prior Order, I gave Wang an opportunity to amend his complaint with facts alleging the necessary personal involvement or causal connection between Governor Brown, Secretary Beard, and/or Attorney General Harris and the constitutional harms he allegedly suffered. Prior Order at 8-9. Wang has not done so. Like the FAC, the SAC contains no allegations that plausibly connect any of these defendants with either of Wang's arrests and incarcerations or any other claimed violation of his constitutional rights. The only allegations in the SAC that specifically target the defendants state that Governor Brown is "involved in formulating and implementing" the "unlawful policies and practices" at issue in *Brown v. Plata*, 563 U.S. 493 (2011), and that Secretary Beard and Attorney General Harris "are supposed to ensure such illegal acts don't happen." SAC ¶¶ 13-14. These vague and conclusory statements fail to plausibly establish any personal involvement or causal connection between these defendants and the specific constitutional harms that Wang identifies in the SAC.

Wang has had multiple opportunities to amend his claims against Governor Brown, Secretary Beard, and Attorney General Harris. It is clear that he has no plausible theories of liability against them. Because further amendment with respect to these defendants would be

futile, they are DISMISSED WITH PREJUDICE.[5]

In addition, although Wang named Land as a new defendant in the SAC, he alleges no facts connecting Land to either of the alleged arrests and incarcerations underlying his claims. Wang states only that Land accepted documents when the process server attempted to serve Attorney General Harris. *See* SAC ¶ 10. This does not provide a proper basis for suing Land in this action. He is also DISMISSED WITH PREJUDICE.

## II. THE CLAIMS ARISING FROM THE DECEMBER 2009 ARREST AND INCARCERATION DO NOT RELATE BACK

In the Prior Order, I dismissed the claims arising from Wang's October 2009 arrest and incarceration because they were time-barred. Prior Order at 5-8. I found that claims arising from Wang's December 2009 arrest and incarceration, on the other hand, might not be time-barred if they related back to the original complaint. *Id.* at 8. I reserved ruling on whether the claims related back, affording Wang an opportunity to plead them. *Id.* Wang has added allegations in the SAC regarding the December 2009 arrest and incarceration, and has also named "Santa Rita Prison Guard Cox" as a new defendant.

Whether an amendment relates back in a section 1983 action requires a court to "consider both federal and state law and employ whichever affords the more permissive relation back standard." *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1201 (9th Cir. 2014) (internal quotation marks omitted); *accord Spitzer v. Aljoe*, No. 13-cv-05442-MEJ, 2015 WL 1843787, at *11 (N.D. Cal. Apr. 6, 2015); *Felarca v. Birgeneau*, No. 11-cv-05719-YGR, 2014 WL 7140262, at *3 (N.D. Cal. Dec. 12, 2014). The applicable state law is whichever provides the applicable statute of limitations, Fed. R. Civ. P. 15(c)(1)(A), which, in turn is the forum state, *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007).

---

[5] Further, to the extent that Wang continues to base his claims on the October 2009 arrest and incarceration, the claims are time-barred for the reasons stated in the Prior Order. *See* Prior Order at 5-8. Like the FAC, the SAC contains no facts indicating that Wang is entitled to any tolling other than that provided under California Code of Civil Procedure § 352.1 for the sixteen days he spent in county jail. And, as discussed below, to the extent that Wang now bases his claims on the December 2009 arrest and incarceration, the claims do not relate back to the original complaint and are thus time-barred as well. This provides additional justification for dismissing Governor Brown, Secretary Beard, and Attorney General Harris – and, indeed, the whole SAC – with prejudice.

8

**A.     Federal Law**

Under Federal Rule of Civil Procedure 15(c)(1), "[a]n amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

Wang's claims against Cox, who was not named in the original complaint or the FAC, clearly do not relate back under Rule 15(c)(1). The notice and knowledge requirements prescribed by Rule 15(c)(1)(C)(i) and Rule 15(c)(1)(C)(ii) must be satisfied "within 120 days after the original complaint is filed." *Butler*, 766 F.3d at 1202. There is no indication here that within 120 days of when Wang filed his original complaint on November 21, 2011, Cox had either received notice of this action, or knew or should have known that it would have been brought against him but for mistake. Given that Wang's original complaint neither described nor alleged claims based on Wang's second arrest and incarceration, it is implausible that Cox had the requisite notice or knowledge at the necessary time. The claims against him do not relate back under federal law.

The question is slightly closer with respect to De Jesus and Supervisor Haas. But the December 2009 incident does not relate back with respect to them either.

An amended pleading arises out of the same "conduct, transaction, or occurrence" within the meaning of Rule 15(c)(1)(B) where it "will likely be proved by the same kind of evidence offered in support of the original pleading." *ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999,

9

1004 (9th Cir. 2014) (internal quotation marks omitted). In other words, "[t]o relate back, the original and amended pleadings must share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question." *Id.* (internal quotation marks and alterations omitted). The relation back doctrine is "liberally applied" in the Ninth Circuit. *ASARCO, LLC*, 765 F.3d at 1004. Nevertheless, "[f]airness to the defendant demands that the defendant be able to anticipate claims that might follow from the facts alleged by the plaintiff." *Percy v. San Francisco Gen. Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988); *see also Williams v. Boeing Co.*, 517 F.3d 1120, 1133 n.9 (9th Cir. 2008) (noting that the same conduct, transaction, or occurrence requirement is designed "to ensure that the original pleading provided adequate notice of the claims raised in the amended pleading").

Under these principles, Wang's claims arising from the December 2009 arrest do not relate back to those arising from the October 2009 arrest. His original complaint identified only the October 2009 arrest and incarceration. *See* Dkt. No. 1. It brought claims and sought relief only on the basis of that initial incident and made no reference to any subsequent one. *See id.* Although the two incidents are connected in that, according to the SAC, the second one occurred because De Jesus was upset by the outcome of the first, this tenuous link is not enough to satisfy the relation back standard under Rule 15(c)(1)(B). The incidents occurred approximately two months apart, resulted in different periods of incarceration in different jails, and involved different groups of actors (at least one of whom, Cox, was not named as a defendant in the original complaint). In these circumstances, the fact that the second incident was motivated by or in some ways similar to the first would not have been enough to enable De Jesus or any other defendant to anticipate that claims based on the second incident would follow. *See Percy*, 841 F.2d at 979-80 (pro se plaintiff's original claim for wrongful termination under Title VII did not relate to his subsequent claim under section 1983 for denial of due process during his Civil Service Commission hearing, where "[e]ven the most liberal reading of [plaintiff's] original complaint fails to provide the City with notice that, in addition to the circumstances surrounding his discharge based upon alleged racial discrimination, the City should have been prepared to defend a claim of a denial of due process in a subsequent Civil Service Commission hearing").

Wang's claims arising from the December 2009 arrest do not relate back under federal law.

### B. California Law

They do not relate back under California law either.  An amended complaint relates back to an original complaint under California law where the amended complaint "(1) is based on the same general set of facts as the original, (2) seeks relief for the same injuries, and (3) refers to the same incident." *Edwards v. Superior Court*, 93 Cal. App. 4th 172, 180 (2001) (internal quotation marks omitted).  "In determining whether the amended complaint alleges facts that are sufficiently similar to those alleged in the original complaint, the critical inquiry is whether the defendant had adequate notice of the claim based on the original." *Pointe San Diego Residential Cmty., L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP*, 195 Cal. App. 4th 265, 277 (2011).

Wang's claims against Cox, De Jesus, and Supervisor Haas arising from the December 2009 incident do not concern the same general set of facts, the same injuries, or the same incident as Wang's original complaint.  As stated above, the October 2009 and December 2009 incidents occurred approximately two months apart, resulted in different periods of incarceration in different jails, and involved different groups of actors.  Given these differences, the tenuous connection between the two incidents is not enough to support relation back under California law.  *See Espinosa v. Superior Court*, 202 Cal. App. 3d 409, 415-16 (1988) (plaintiff bringing police brutality claims based on a May 7 incident could not relate back an alleged attempt by the city on May 10 to intimidate a witness to the May 7 incident); *Weiner v. Superior Court*, 58 Cal. App. 3d 525, 528-29 (1976) (alleged defamatory statement published in one newspaper on April 25 did not relate back to alleged defamatory statement published by same defendants in other newspaper on April 23); *Pimentel v. Cnty. of Fresno*, No. 10-cv-01736, 2011 WL 350288, at *7 (E.D. Cal. Feb. 2, 2011) (prisoner's claim that that prison negligently failed to assign him a lower bunk bed, causing him to fall and sustain certain injuries, did not relate to his claims that same prison subsequently failed to provide him with adequate medical care, thereby causing different injuries).

Because I found in the Prior Order that Wang's October 2009 claims are time-barred, and because his December 2009 claims do not relate back to his original complaint, Cox, De Jesus,

11

and Supervisor Haas are DISMISSED WITH PREJUDICE.[6]

## CONCLUSION

For the foregoing reasons, Governor Brown and Secretary Beard's motion to dismiss is GRANTED, and all defendants named in this action are DISMISSED WITH PREJUDICE.[7]  The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: September 15, 2015



WILLIAM H. ORRICK
United States District Judge

---

[6] There are also dispositive service issues regarding De Jesus and Supervisor Haas.  Wang initially failed to serve any defendant – that is why Judge Ware dismissed the complaint without prejudice. *See* Dkt. No. 20.  Once the case was remanded to me, I ordered Wang to serve all defendants within 45 days of November 25, 2014.  Dkt. No. 32.  When he failed to do so properly, I gave him specific instructions on how to effect service and ordered him to serve defendants by April 28, 2015.  Dkt. No. 36.  As of the date of this order, Wang still has not served either De Jesus or Supervisor Haas.  Defense counsel was not particularly helpful in responding to Wang's request for help in serving process on these defendants (and on state employees in general), *see* Opp. Exs. 1-2 (Dkt. Nos. 59-1, 59-2), but defense counsel did direct Wang to the district's Legal Help Center, where Wang had been advised to seek assistance numerous times before.

Under Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Wang has now had nearly ten months and multiple opportunities to serve De Jesus and Supervisor Haas, and he has not shown good cause for his continued failure to serve them.  This provides additional grounds for dismissing De Jesus and Supervisor Haas.  *See* Fed. R. Civ. P. 4(m).

[7] To the extent that Wang's naming of "State Employees A-Z" can be construed as an attempt to bring his claims against additional defendants, those claims are also DISMISSED WITH PREJUDICE as time-barred and implausibly alleged.